IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE R. McBRIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-05-538-M |
| v. | ) |
| | ) |
| MAJOR CLIFF URANGA, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a former pre-trial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff names 21 Defendants in his Complaint and one "John Doe" Defendant, all of whom are described as officials at the Oklahoma County Detention Center ("OCDC"). Plaintiff alleges in his Complaint various constitutional deprivations stemming from his confinement at OCDC in 2004. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Complaint be dismissed upon filing under 28 U.S.C. §1915A(b) and §1915(e)(2)(B) for failure to state a claim for relief.

I. Standard of Review

In considering a civil complaint filed by a prisoner, the court has the responsibility to determine as soon as possible if the cause of action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a

1

defendant who is immune from such a claim. 28 U.S.C. §1915A(b); 28 U.S.C. §1915(e)(2)(B). Pursuant to 28 U.S.C. §1915A, the court must dismiss a cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines one of the above is present. Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

II. 42 U.S.C. §1997e(e)

Title 42 U.S.C. §1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Tenth Circuit Court of Appeals has construed this statutory limitation as a bar to compensatory damages for mental and emotional injuries in the absence of physical injury. Searles v. Van Bebber, 251 F.3d 869, 874-877 (10th Cir. 2001), cert. denied, 536 U.S. 904 (2002). Plaintiff has not alleged any physical injury in counts one and two of the Complaint, in which he alleges he was subjected to unconstitutional conditions of confinement at OCDC in 2004. His allegations in counts one and two are based only on the mental and emotional distress he experienced due to unconstitutional conditions of his confinement at the jail. The mental or emotional stress suffered by Plaintiff is not sufficient to state a §1983 claim based on conditions of confinement in the absence of a prior showing of physical injury. Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002)("As to [plaintiff's] claim for emotional distress, no §1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms.").

In count three Plaintiff alleges that unconstitutional conditions of his confinement, *e.g.*, inadequate provision of toilet paper, resulted in a paper cut because he was forced to use writing paper instead of toilet paper. Plaintiff does not allege that the paper cut required medical attention; he alleges only that he had to sleep that night with a sore on his buttocks.

In this count, Plaintiff has alleged only a *de minimis* injury that does not state a claim of actual physical injury under 42 U.S.C. §1997e(e).  See Jarriett v. Wilson, 414 F.3d 634, 640 (6th Cir. 2005)(physical injury required by 42 U.S.C. §1997e(e) must be more than *de minimis* for an Eighth Amendment claim to go forward).  See also Sealock v. Colorado, 218 F.3d 1205, 1210 n. 6 (10th Cir. 2000)(assuming without finding that physical pain constitutes only "mental or emotional injury" under statute, but finding that inmate satisfied 42 U.S.C. §1997e(e) requirement of showing physical injury because of previous heart attack).  Accordingly, Plaintiff has not satisfied the requirement of 42 U.S.C. §1997e(e) of showing prior physical injury in the first three claims asserted in his Complaint.[2]

Although 42 U.S.C. "§ 1997e(e) does not affect actions for declaratory and injunctive relief," Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 808 (10th Cir. 1999), Plaintiff has not sought equitable relief in this cause of action.  Moreover, allowing him to amend his Complaint to seek declaratory or injunctive relief would be futile.  Any individual who seeks to invoke the jurisdiction of the federal courts must allege an actual "case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  To demonstrate the necessary standing to seek relief in federal courts, the party invoking the court's authority "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818-819 (1997)(quotation omitted).  Plaintiff was not in the custody of the jail when he filed this

---

[2]It is assumed without finding that Plaintiff has exhausted administrative remedies concerning the claims asserted in counts one, two, and three of the Complaint.

cause of action. Thus, there is no likelihood of any real and immediate threat of injury as a result of the issues raised in counts one, two, and three of his Complaint. At most, Plaintiff could only conjecture that he may be detained at the jail in the future under the same conditions, and this speculative allegation is not sufficient to show standing to seek prospective injunctive or declaratory relief. See Tandy v. City of Wichita, 380 F.3d 1277, 1283-1284 (10th Cir. 2004)("A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction.").

The dismissal of Plaintiff's claims seeking compensatory damages does not necessarily foreclose a claim for punitive damages, which may be recovered for constitutional violations without a showing of compensable injury. Searles, 251 F.3d at 875-877. To obtain punitive damages under 42 U.S.C. §1983, a plaintiff must show that a defendant's conduct was "'motivated by evil motive or intent, or ... involve[d] reckless or callous indifference to the federally protected rights of others.'" Id. at 879 (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). Although he complains that he was not given cleaning supplies to clean his cell on a daily basis, Plaintiff admits that he was given cleaning supplies on February 19, 2004, on April 2, 2004, on June 1, 2004, and he makes no allegations of a lack of cleaning supplies after July 17, 2004. Complaint, at 12. With respect to his allegations that he had to eat in his cell in proximity to a stopped-up toilet containing human waste, Plaintiff admits that this condition only lasted two days. These allegations do not involve such horrendous, long-term conditions as to create an inference of an "evil motive or intent" or "callous indifference" to Plaintiff's constitutional rights. Nor do the remainder

5

of Plaintiff's allegations of conditions at the jail present facts sufficient to state a claim for punitive damages under the prevailing standard. Accordingly, assuming without finding that Plaintiff has exhausted administrative remedies concerning each of his claims of unconstitutional conditions of confinement as required by 42 U.S.C. § 1997e(a), Plaintiff has failed to state a claim for compensatory or punitive damages, and these claims should be dismissed under 28 U.S.C. §1915A(b) and §1915(e)(2)(B).

III. Verbal Threat

In count four of the Complaint, Plaintiff alleges that his constitutional rights were violated when Defendants Valdaz, Waltman, and "John Doe" verbally threatened to have his bail raised to $50,000 if he said anything to the judge who conducted his probable cause hearing and/or arraignment. Although some circumstances may exist in which a verbal threat states a claim of a constitutional violation under 42 U.S.C. §1983, Plaintiff's allegation in count four of a verbal threat to have his bail raised unless he kept quiet during a court proceeding does not state a claim of a constitutional deprivation. See Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(holding sheriff's threat to hang the plaintiff failed to state a claim under §1983)(*per curiam*). Therefore, the claim in count four of the Complaint should be dismissed under 28 U.S.C. §1915A and §1915(e)(2)(B) for failure to state a claim for relief.

IV. Due Process

In counts five and six of the Complaint, Plaintiff alleges that he was subjected to punishment during his confinement at OCDC by being locked down in his cell for up to 48 hours for various rule violations on February 13, 2004, March 30, 2004, and April 5, 2004.

Plaintiff contends that the imposition of this punishment without prior notice, a hearing, and other procedures violated his right to due process and also violated jail policy.

In <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979), the Supreme Court established the standard for evaluating Plaintiff's claims that he was unconstitutionally "punished" by the restrictions placed on his movement within the jail. In <u>Bell</u>, the Court stated that when evaluating the constitutionality of restrictions of pretrial detention which implicate only the protection against deprivation of liberty without due process, "the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." <u>Id.</u> at 535. However, the Court recognized in <u>Bell</u> that not every condition or restriction placed upon a detainee amounts to "punishment" in the constitutional sense. "Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" <u>Id.</u> at 539.

In each of the instances in which Plaintiff alleges he was confined to his cell, he alleges that jail officials were imposing the restriction as a result of a discretionary decision that Plaintiff had violated a jail rule. Jail officials act well within their discretion in adopting and enforcing rules governing the behavior of detainees in the jail, and there is nothing in Plaintiff's Complaint from which to infer that jail officials acted with an intent to punish or acted arbitrarily. Rather, Plaintiff's allegations reflect that the temporary restrictions placed upon his movements within the jail were reasonably related to the jail's legitimate goals of

preserving security and order in the jail. Although States may create liberty interests protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Restricting Plaintiff to his cell temporarily for rule violations did not impose an atypical hardship upon him in comparison with the ordinary circumstances of his confinement in the jail and did not constitute a deprivation of a liberty interest sufficient to invoke the procedural protections generally associated with institutional disciplinary proceedings. See Peoples v. CCA Detention Centers, ___ F.3d ___, 2005 WL 2146056, *14 (10th Cir. Sept. 7, 2005)(A detention center "has a legitimate interest in segregating individual inmates from the general population for nonpunitive reasons, including 'threat[s] to the safety and security of the institution.'"). Additionally, Plaintiff has no cognizable claim under 42 U.S.C. §1983 against any individual Defendant based solely on the alleged violation of a jail policy. Accordingly, Plaintiff has not stated a claim for relief under §1983 in counts five and six of the Complaint.

V. Access to the Courts

In count seven of the Complaint, Plaintiff alleges that Defendants Cannon, McFaden, Cliff Urange, Carson, and Whetsel denied him his right of access to the courts by refusing to provide him with "free mail" to this Court, by refusing to complete his *in forma pauperis* application, and by failing to "supply me with neccessary [sic] legal matireal [sic] for many civil actions filled [sic] againist [sic] me."

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized that inmates have a well-established constitutional right of access to the courts and that States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824. Nevertheless, the Court recognized that its decision "does not foreclose alternative means to achieve that goal," and that States may choose to provide prisoners "with adequate law libraries or adequate assistance from persons trained in the law" which will ensure that prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." Id. at 825, 828, 830. Because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury, not a mere deficiency in the method chosen by the institution to provide access to the court. Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff contends that jail officials obstructed his attempts to file this lawsuit by not providing him with free postage and by refusing to complete his *in forma pauperis* application, and that jail officials also obstructed his efforts to litigate other unspecified cases by failing to supply him with unspecified legal materials. However, Plaintiff was able to file the instant action, he was able to successfully file his application to proceed *in forma pauperis*, and he has not shown than any actions by jail officials actually prevented him from timely filing this or any other cause of action or caused the dismissal of any action filed by or against him. Thus, Plaintiff has failed to allege an actual injury resulting from the alleged denial of free postage, the alleged failure to complete documents connected with an *in forma pauperis* application, or the failure to provide him with other legal resources. Accordingly,

this claim should be dismissed under 28 U.S.C. §1915A(b) and §1915(e)(2)(B) for failure to state a claim for relief under 42 U.S.C. §1983.[3]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED upon filing under 28 U.S.C. §1915A and §1915(e)(2)(B) for failure to state a claim for relief. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A or §1915(e)(2)(B) constitutes one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by    October 11th   , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[3] Plaintiff raised a similar claim of denial of his right of access to the courts in a previous §1983 action filed in this Court. In McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001), the Tenth Circuit Court of Appeals reviewed the district court's dismissal of this claim under the Lewis standard and determined that Plaintiff had failed to state a claim of actual injury because he "failed to allege sufficient facts to satisfy the actual injury requirement: For example, he did not describe sufficiently the legal materials he was seeking....and he did not explain that his legal claim was nonfrivolous." Id. Plaintiff is therefore well aware of the legal and factual requirements for stating a claim of denial of access to the courts.

ENTERED this   21st   day of   September  , 2005.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE